FRANK M. MANN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mann v. Commissioner
Docket No. 4369-80.
United States Tax Court
T.C. Memo 1982-662; 1982 Tax Ct. Memo LEXIS 83; 45 T.C.M. (CCH) 122; T.C.M. (RIA) 82662; November 17, 1982. John R. Berman, for the petitioner. David N. Brodsky, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies in petitioner's income taxes for the years 1967-1969 together with additions to tax under section 6653(b), I.R.C. 1954, as follows: Addition to Tax
Sec. 6653(b),
Year
Deficiency
I.R.C. 1954
1967
$54,094.93
$27,047.47
1968
33,926.80
16,963.40
1969
92,887.93
46,443.97
In his answer to the petition contesting the foregoing determination, the Commissioner affirmatively alleged facts to support the additions to tax for fraud. Petitioner did not file any reply to those allegations. The Commissioner could have moved under Rule 37(c) of our Rules for an order that such undenied allegations be deemed admitted. *84 However, the Commissioner achieved the same result by means of a more cumbersome procedure under Rule 91(f). After the case had been noticed for trial, the Commissioner attempted to obtain from petitioner an agreement to a stipulation of facts embodying those allegations, and upon failing to obtain such agreement the Commissioner moved under Rule 91(f) for an order to show cause why the matters covered by the proposed stipulation should not be deemed admitted for purposes of the case. That motion was granted on January 27, 1981, and a hearing was thereafter held on February 25, 1981, on the order to show cause. As a result of that hearing the order to show cause was made absolute on the same day, and the facts and evidence set forth in the proposed stipulation were ordered deemed established for purposes of the case. When the case was finally called from the trial calendar in Boston, upon due notice, on October 18, 1982, the Commissioner filed a "Motion for Default Judgment", reciting therein various futile efforts made by the Government to obtain cooperation from petitioner in preparing for trial. Petitioner was represented at that call of the calendar by his counsel, who stated *85 to the Court that he did not "dispute anything in [the] motion that the Government recites". He informed the Court that he had not "seen or heard from [his] client for the past year and a half", notwithstanding that he had "made every effort to reach him". He further stated "I've written to him, I've called him, I have spoken with his former wife and she has advised me that Mr. Mann is no longer in the jurisdiction. She does not know of his whereabouts, his children do not know his whereabouts, and as a result I haven't had any communication with him since March of 1981". There has clearly been a default in this case and a failure properly to prosecute. To the extent that any burden of proof remains on the Government in respect of the Commssioner's determination of fraud, we are satisfied that such burden has been carried by clear and convincing evidence based upon the facts deemed established by the proposed stipulation pursuant to Rule 91(f). We so find as a fact. In the circumstances, it is not necessary to consider other alternative additions to tax under sections 6651(a) and 6653(a) which the Commissioner proposed in an amendment to his answer. Accordingly, the *86 motion for default judgment will be granted, and Decision will be entered for the respondent.